IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EUGENE CRAIG,

                Plaintiff,

v.

KMD WISCONSIN, LLC d/b/a
Credit Ninja, EASY CASH
ASAP, LLC d/b/a Easy Cash,
LEAP CREDIT OF WISCONSIN,
LLC d/b/a Leap Credit, SIMPLE
FAST LOANS, INC. d/b/a Simple
Fast Loans, SLATE LENDING OF
WISCONSIN, LLC, d/b/a Blue Frog
Loans, and CLARITY SERVICES, INC.,

                Defendants.

OPINION AND ORDER

21-cv-731-wmc

Plaintiff Eugene Craig brought this action against various defendants in the financial services industry for allegedly accessing his personal credit information in violation of the Fair Credit Reporting Act and his right to privacy under state law. Two of the named defendants, KMD Wisconsin, LLC ("KMD") and Slate Lending of Wisconsin, LLC ("Slate"), have individually moved to dismiss the suit for failure to state a claim.[1] For the reasons explained below, the court will deny both motions to dismiss.

BACKGROUND[2]

Craig alleges that he requested a copy of his credit report from Clarity Services, Inc.

---

[1] None of the other defendants joined in either motion.

[2] Unless otherwise indicated, all facts in the background section are taken from plaintiff's complaint. (dkt. #1-A.) In resolving a motion to dismiss under Rule 12(b)(6), the court takes all the factual allegations in the amended complaint as true and draws all inferences in plaintiff's favor.

("Clarity") in early 2021. Clarity provides information on a consumer's creditworthiness in the form of a "consumer report." Upon review, Craig saw several lenders had accessed his report multiple times between November, 2016, and November, 2022. Craig further alleges that he neither applied for credit nor had any other business interactions with any of the companies now named as defendants, yet each appeared on his consumer report. Specifically, Craig alleges that KMD retrieved his report from Clarity 6 times between October 7, 2019, and November 16, 2019, while Slate did so 4 times between July 10, 2017, and June 22, 2018. In addition to any personal credit information obtained, these requests are all now permanent parts of Craig's consumer report.

Craig's complaint also alleges many facts about the "lead generation" market in lending, which is when a payday lender or broker sells a "lead" on a consumer to other lenders who may want to offer a loan. While Craig does not explicitly explain why this information is relevant to his complaint, the court will infer for pleading purposes that he claims his credit report was more likely than not pulled by various companies as a result of lead generation.

OPINION

A motion to dismiss for failure to state a claim is designed to test the complaint's legal sufficiency. *See* Fed. R. Civ. P. 12(b)(6). As reflected in the background section above, the court must "constru[e] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [the

---

*Killingsworth v. HSBC Bank Nevada*, 507 F.3d 614, 618 (7th Cir. 2007).

2

plaintiff's] favor." *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). Moreover, to survive a motion to dismiss, a plaintiff need only allege sufficient facts to state a *plausible* claim for relief. *Spierer v. Rossman*, 798 F.3d 502, 510 (7th Cir. 2015) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While KMD and Slate each filed their own motions to dismiss, the legal reasoning is largely the same, and the court will address them together.

*First*, KMD and Slate argue that plaintiff has not pleaded that either defendant lacked a permissible purpose for pulling Craig's report. (KMD Op. Br. (dkt. #13) 2.) KMD emphasizes that a lender need not have direct permission to obtain credit reports, as long as there is a "permissible purpose." 15 U.S.C. § 1681b. However, Craig's complaint specifically alleges that defendants lacked a "permissible purpose" under § 1681b. (Compl. (dkt. #1-1) ¶¶ 80-81.) In fact, Craig alleges that "[n]one of the circumstances listed in 15 U.S.C. § 1681b(a)(1 through 6) are present here." (*Id*.) This is an unambiguous allegation that defendants lacked permissible purpose.

To the extent the KMD cites to caselaw in support of its argument that a plaintiff must *prove* that the access was unauthorized, those cases were unsurprisingly decided at summary judgment and are plainly inapposite. *See Buckley v. Afni, Inc.*, 133 F. Supp. 3d 1140, 1145 (S.D. Ind. 2016); *Bentley v. Greensky Trade Credit*, LLC, 156 F. Supp. 3d 274, 282 (D. Conn. 2015) (cited in KMD Op. Br. (dkt. #13) 4)). The case KMD cites which *was* decided at dismissal is also readily distinguishable, since that plaintiff *admitted* that he gave the defendant permission to access his report. *Kowalkowski v. Francois Sales & Servs.,*

3

*Inc.*, No. 18-CV-721-SLC, 2019 WL 2189484, at *1 (W.D. Wis. May 21, 2019). Obviously, Craig makes no such concession here.

Finally, KMD argues that "[a] plausible reading of the allegations and context for this case leads to the conclusion that [KMD] believed it had a permissible purpose through which to access Plaintiff's credit information." (KMD Reply (dkt. #37) 2.)  Once again, that overstates the standard at dismissal.  The fact that the court could *plausibly* read the allegations as suggesting a permissible purpose is unavailing when the court must construe Craig's allegations in plaintiff's favor.  While Craig may ultimately fail to present evidence that KMD and Slate lacked permissible purposes, he need not have alleged those facts at this preliminary stage.  However, at this point, the facts as pleaded suggest that Craig never underwent credit transactions with either company, which is sufficient to survive dismissal.[3]

*Second*, defendants argue that Craig's state law privacy claim is also preempted by the FCRA, which states that "no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to *the reporting of information* . . . except as to false information furnished with malice or willful intent to injure such consumer." 15 U.S.C. § 1681h(e) (emphasis added).  If 1681h(e) applies to claims of impermissible pulls, it certainly seems that the state law claims would be

---

[3] Defendants KMD and Slade also directed the court's attention to *Shockley v. Clarity Servs., Inc.*, No. 21-CV-434-JDP, 2022 WL 2438555 (W.D. Wis. July 5, 2022), as supplemental authority (dkt. ##69, 70).  That case is also distinguishable because (1) Clarity was the sole defendant moving for dismissal *and* (2) plaintiffs affirmatively "alleged facts to show that Clarity had reason to believe that the lenders intended to use the report for a permissible purpose." *Id*. at *2.  Again, no such facts are alleged here; instead, the court is required to infer the opposite is true.

4

preempted. However, plaintiff suggests that 1681h(e) is not applicable, as it has generally been applied to situations where a defendant reported *inaccurate* information. Moreover, the Seventh Circuit has explained, "Section 1681h(e) preempts some state claims that could arise out of *reports to credit agencies*." *Purcell v. Bank of Am.*, 659 F.3d 622, 625 (7th Cir. 2011) (emphasis added). In order for 1681h(e) to apply, this court would have to find that impermissible pulls related to the reporting of information, which is not at all certain at the pleading stage.

Indeed, defendants' only case supporting the notion that 1681(h) would apply to impermissible pulls is *Caban v. HSBC Mortg. Servs.*, 373 F. Supp. 3d 709 (N.D. Tex. 2016). Not only is *Caban* a non-precedential case in a different circuit, but it also provides almost no reasoning for why 1681h(e) applied. Instead, the *Caban* court simply asserted that "impermissible pulls on Caban's credit report relate to the 'reporting of information' under the FCRA, and therefore the FCRA potentially preempts this aspect of Caban's invasion of privacy claim." *Id*. at 715. That is not enough to convince this court that plaintiff's state law claim is preempted, especially at this early stage. For that reason, the state law claim may proceed. Of course, this begs the question why plaintiff feels the need to pursue this seemingly duplicative, state law claim as well, and the parties will be expected to address the issue of preemption more substantially at summary judgment if still part of the case at that point.

ORDER

IT IS ORDERED that:

1) Defendant KMD Wisconsin, LLC's motion to dismiss (dkt. #12) is DENIED.

2) Defendant Slate Lending of Wisconsin, LLC's motion to dismiss (dkt. #26) is DENIED.

Entered this 12th day of September, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge