IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EUGENE CRAIG,

                Plaintiff,

   v.

EASY CASH ASAP, LLC d/b/a Easy Cash,
and LEAP CREDIT OF WISCONSIN,
LLC d/b/a Leap Credit,

                Defendants.

ORDER

21-cv-731-wmc

      Plaintiff Eugene Craig brought this action against various defendants in the financial services industry alleging unauthorized access to his personal credit information in violation of the Fair Credit Reporting Act and his right to privacy under state law. Before the court is Craig's motion to compel discovery responses from defendant Easy Cash ASAP, LLC (dkt. #56), and Easy Cash's competing motion to permit withdrawal of deemed admissions (dkt. #61).

      The parties' submissions show that Easy Cash served its responses to Craig's interrogatories, requests for production of documents, and requests for admissions 35 days after its deadline for doing so. Craig argues that as a result, Easy Cash waived its chance to object to Craig's discovery requests and conceded admission to all of Craig's requests for admissions. *See* Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived. . . ."); 34(b)(2) (party must include objection "in writing within 30 days after being served"); 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."). Craig asks that Easy Cash

be required to resubmit discovery responses that include no objections, and also that Easy Cash be deemed to have admitted to all requests for admission.

But courts have the discretion to permit untimely objections and withdrawal of deemed admissions. Fed R. Civ. P. 33(b)(4) (court may permit untimely objection to interrogatories); Fed. R. Civ. P. 36(b) (court may permit withdrawal of deemed admissions "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party"). Here, Easy Cash explains that its delay in responding to Craig's discovery requests was due to defense counsel's confusing this case with a substantially similar case pending in this court, also involving plaintiff's counsel, and miscommunication between the parties. This explanation is sufficient to excuse Easy Cash's untimeliness, particularly in light of the minimal delay and the lack of prejudice to Craig. Craig has shown no prejudice from Easy Cash's month-long delay in providing discovery responses. When Craig received Easy Cash's responses, there were still several months remaining until the discovery cutoff date of February 1, 2023. And "[t]he inability to rely on default admissions and the obligation to litigate a case on the merits" do not as amount to prejudice. *See Simstad v. Scheub*, 816 F.3d 893, 899 (7th Cir. 2016) (finding same).

Accordingly, Craig's motion to compel (dkt. #56) is DENIED, and Easy Cash's motion to permit withdrawal of deemed admissions (dkt. #61), is GRANTED.

Entered this 16th day of February, 2023.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

2